**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DENETRA HUGHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-cv-00977-RWS |
| | ) |
| ELEVANCE HEALTH INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Denetra Hughley's Motion for Leave to Proceed in Forma Pauperis. (ECF No. 3). Having reviewed the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion.

The Court will also require Plaintiff to supplement her Complaint by submitting a copy of the charge of discrimination she filed with the Equal Employment Opportunity Commission. The Court cannot conclude that Plaintiff has exhausted administrative remedies without first determining whether the claims in her Complaint are like or reasonably related to those filed with the EEOC. *See Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022) (citation omitted).

The Court will deny Plaintiff's "Motion for Issuance of Service of Process." (ECF No. 5). Because Plaintiff is proceeding in forma pauperis in this matter, her Complaint is subject to review under 28 U.S.C. § 1915(e). The Court will issue process only after completing such review and only if it finds Plaintiff's claims may proceed.

Lastly, the Court will deny Plaintiff's Motion to Appoint Counsel. (ECF No. 2). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). Having reviewed these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated up to this point that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Issuance of Service of Process" (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a copy of her charge of discrimination **within twenty-one (21) days** of the date of this Order.

Failure to comply with this Order may result in the dismissal of this action without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2024.